We noted that we noted two lawyers were arguing this two cases on the same day and there was one significant common issue each case seemed to have a separate issue so we thought you could get the common issue handled if efficiently and then you can point out when you when you're talking only about one case or the other something else I think this works out wonderfully your honor may please the court my name is Dan Goldberg and I represent Glenn Harlow and Thomas Boas in this appeal as this court has acknowledged already they present a similar issue and I think consolidating the oral argument was a wise decision the government has referred to the issues identical and I do think there are some distinct contours as judge Logan just referred to but what I'd like to do is start with mr. Harlow's appeal because I think it's a helpful vehicle to illustrating why both cases are entitled to appellate a relief the district court erred in failing to grant full relief on mr. Harlow's section 22 by 2255 motion after concluding that his sentence in part was quote an illegal sentence after Johnson the only relief granted mr. Harlow was modifying his term of supervised release from five years to three years which of course was the correct thing to do but what the because that too is an illegal and unconstitutional sentence because it was predicated on the void residual clause and exceeded the statutory maximum of 120 months the government concedes this much but goes on to argue that any error was an essence harmless because the district court could have sentenced him to the same sentence by running that the terms consecutively I think there's two looking at the sentencing transcript the original sensing transcript at that original sentencing transcript I think you see that the district court would have sentenced him to a different sentence without the ACCA designation on two occasions the district court stated that it was quote required to impose the statutory minimum of 180 months and in fact that's what they sentenced him to was the bare minimum sentences of 180 months I think the interesting feature well you're taking this as a as a as a look back question I don't think the alternative sentence decision determination is a look back it doesn't matter what how he would have gotten there before or what what would the components question is under the under the correct sentencing landscape now without the criminal act what would I have done and he was telling us I thought quite clearly I would have done the same thing obviously by a different route I think I think that's our case law says that's that's the way you do this district courts I think it's a very astute observation your honor and I think you're absolutely right the district court did say he would have done it all over again I don't know if he failed to refer back to his original sentencing transcript my only point is I think there's a real rub there but I think the other point that you make that is an excellent point is that we all also have to look is is that alternative sentence reasonable or constitutional I don't think it is I think when you strip away the ACC designation what you see is that we have to recalculate the guidelines right that's the lodestar pursuant to Supreme Court case law so wouldn't you do that I'm both mr. Boas is in mr. Harlow's cases you see a whole world of difference mr. Harlow's guidelines goes from to 63 to 78 months if not all the way down to 33 to 41 months the government hasn't disputed this they haven't even really engaged this analysis because I think it really takes the wind out of their sails that somehow the judge would have done it all over again the district court you said it reduced this the term of supervised release from five to three did it restructure the sentence so that it became a constitutional sentence on the gun count it's a wonderful observation your honor and no in both cases they did not so for example mr. Boas is case it's quite literally still a sentence in excess of the statute now could have the district court sentenced him to the same since it's 190 months yes but right now what he is serving is two terms of 190 months which is above the 120 ceiling so to re-sentence him to 190 he would have to do 85 on one count 85 on to count on the second count and then run it consecutive that wasn't done so I think that's that's problematic well it wasn't done you mean that district court didn't articulate it or government didn't argue it I mean when when a district court says you know if if basically if I was if I was required to re-sentence I would do the same sentence and act and accurately perceives that that would be an available option we don't require a every you know every jot and tittle litany do we so where's where's the error here proceed I guess it's a procedural error or something I know you're saying at the bottom line is substantively unreasonable but where's the procedural flaw well I think I have two thoughts first mr. buzzed case he did not make that finding he was still on no I understood right I don't think I think this is a Harlow specific question okay the harm is in mr. Harlow's sentence is that not the how about the did did somebody march through the the the sentencing calculation that you would have to do without the ACCA and you said no and Mike well okay where's the procedural error in that who had to do what well I think other than the gift the district court stating its bottom line and defense counsel not saying well how do you get there right I think what you have to do under the you know such cases like Molina Martin Martinez it's the lodestar the guidelines so if you get to 33 to 41 months which I think is a very plausible outcome you then need to look and see well is 188 months still a reasonable sentence and what the government has argued is for example on count to he failed to appear and pled guilty to that the judge sentenced him to eight months in doing so the judge said well that's required and it's a problem he didn't seem excited about it so the notion what the government's now arguing is that eight-month sentence can become a hundred and eighty month sentence I don't see how that's reasonable and so I think that's both procedural and substantially prejudicial but I think there's a bigger problem is that you know both of them were sentenced to very lenient ACCA sentences almost a bare minimum under the statute so they are now going from the most lenient sentence to extremely punitive sentences what and to do so when you're no longer a violent felon I think there's a rub and the only way I think the government can get to that result is by relying on the old in case the old in case of course is a case that was handed down four years ago it's not published therefore it's not binding on this court and it hasn't been cited to by this court since it was handed out four years ago and I think for good reason Alton and let me just start off I think it's factually distinguishable from this case in the old in case the defendant was sentenced originally to the top of the guidelines because the district court quote viewed the facts as extreme and believed a longer sentence was appropriate due to the threat he posed to the community and quote so that's not the case here both mr. Boaz mr. Harlow were on the low end of the guidelines and almost the statutory minimum but I think the other thing about olden is that's just legally distinct that was not dealing with a due process claim like Johnson and the Supreme Court has held that as a distinction with the difference here that quote condemning someone to prison for 15 years to life does not comport with the Constitution guarantee of due process that's Johnson well I also think it's problematic and that the singular concern expressed in that case was whether the same sentence could be reimposed putting it in different word I hear you making me that the Johnson Beckles diversion or distinction should apply to olden versus this case that it makes it distinct yes Johnson I think makes it categorically distinct and of course Sun Bear is limited to to a guidelines problem absolutely your honor I think it's a very astute observation and I think Sun Bear was also really grounded in some pragmatic concerns of interpreting the guidelines and that the same sentence was within the young hand unenhanced guidelines range and below the statutory maximum so I think Sun Bear helps us so I think the other thought that about olden is the same sentence cannot be imposed in its totality and we cite to a district court case and I know that's not binding I do think it's persuasive that when the logic olden doesn't apply in full fashion which it doesn't here in either case it doesn't apply because of the supervised release term so you can't just reimpose the same sentence I think we need to send it back then and I think that's a proper procedure here is to send it back that's that's not Harlow but in Harlow he corrected the supervised release right correct your honor and Boaz it didn't because he didn't he didn't remove the ACCA absolutely your honor absolutely so sticking all right so with Harlow I don't see that the presence of the the need for a supervised release relief correction that the district court did requires a remand if the alternative sentence is sound and I think that's a that's a fair point my only point is in this other case the Bradley case a similar thing had to occur and the district court said well while I'm modifying your supervised release term I'm also gonna give you a so I think the proper procedure here is to remand both cases first to calculate the guidelines right see where we're at that's the load star and my expectation is that there's a substantial likelihood that both defendants would get well as I need you to I mean you say there's no Arizona case to the contrary of your argument and then I wearing was not cited by a p-second but I wasn't found it it's a pretty good site by the government and tell me which one that is doesn't solve the question but I'm I think in the way these issues are are resolved in terms of looking at state law and sharing plus I would think the facts of Neal suggest that Arizona may never have used this statute in a way didn't involve a use or threatened use of force right I mean you know so what's wrong with that in way of looking at it right I think there's three issues that why I don't think the Arizona conviction for exhibiting a weapon is a violent felony the first is I think we cite two pretty good circuit court case law that the void residual clause the long case from the Ninth Circuit that it lacks the element of use attempted use or threatened use of physical force it doesn't satisfy the force clause second what was the year of long was it was it post Johnson trying to remember I mean yeah we use the residual clause all the time when now and we're having to reexamine fair enough your honor post you know post sentencing post conviction after Johnson I think it's a fair point I it might so as long really that that powerful if it was pre Johnson and they just use the residual clause I wouldn't find that very probative Frank on this question they did make the express finding though that it didn't satisfy the forecast yeah but I think how there the Arizona statute material materially different than the Missouri statute that we've held did qualify under the force clause good question your honor I think it is different because the Arizona statute does say any manner right when it is in the context of unlawful use of a weapon during a fight or a quarrel the Missouri offense the contrast requires an angry or threatening manner there's no alternative means so I think that that's a distinction with the difference especially when you turn to Arizona case law the Pierce case where the Arizona court which I think we need to defer to concluded that quote the purpose of the statute is to make punishable acts which endanger or does it doesn't the Arizona require a threatening manner um it if you look at 13-916 there's I think two ways it can be done because there's an order there and let me just read you what I have is the statute a person who not necessary self-defense in the presence of another draws or exhibits any deadly weapon and threatening manner or who in any manner unlawfully uses the weapon in a fight or quarrel and it keeps on going on so I'm focusing on the or who in any manner unlawfully uses the give me an example of something like that that in a fight or quarrel that would qualify give me a manner that wouldn't be violent or a threat of violence there's actually a case an Arizona case the Neal case there was a threat going on it was like after-school threat and the defendant's brother was getting beat up and so the defendant goes down to a ravine he gets a gun okay I think that's a force clause situation well the fact that yeah that he went down in the ravine and then but then he shoots in the air and I mean I I don't I don't think that's an example of an Arizona case it isn't within the force clause fair enough your honor you know my position on the facts is that he's trying to disperse the crowd so I don't know if he's trying to be angry or in your possession thank you Mr. Kelleher good morning may it please the court my name is Jim Kelleher appearing on behalf of the United States government before the court this morning our two cases involving defendants who were originally sentenced under the armed however the government acknowledges that Glenn Harlow is no longer to be an armed career criminal but remains legally subject to the sentence to legally legally imposed by the district court it remains the position of the government that Thomas Boaz remains subject to the provisions of the armed criminal armed career criminal act in as much as mr. Boaz this case does not share the common theme of Olten I'll address that case first under Arizona law as my as well opposing counsel as we get there you would concede there's not an alternative sentence option in Boaz no there is there is but no I know wait a minute under our jurisprudence of when we would when we would affirm because the district court made clear an alternative sentence ruling we don't have that here so if and if there's not if the ACCA doesn't apply we have to remand because of the supervised release question you would certainly have to do it because of the supervised release file okay and then issue yes you are correct I can't see any reason not to simply remand for resentencing given there's no the district court has not signaled here well and I would impose the same sentence obviously you'll argue for it if it goes there that day yes that that would okay so then go ahead with the Boaz well with regard to his status as an armed career criminal your honor judge Grinder I think made a very good point the Arizona statute is almost completely indistinguishable from the Missouri statute that this court has repeatedly found to be a violent felony under the force clause Joseph Pulliam which I feel like I've been litigating now for the last decade has been repeatedly affirmed by this court most recently I believe in Hudson and I would point out that in this court's first decision in mr. Boaz's case the court pointed out that the Arizona statute the Arizona offense includes as an element the exhibition of a deadly weapon in a threatening manner it would appear that the original Boaz opinion found that the statute does fall under the force clause and I would respectfully submit for this panel to find otherwise would require it to overrule that earlier panel decision the Johnson case is notwithstanding I think quite clearly with regard to the Arizona crime we do have a force clause offense I would note that the case cited by opposing counsel was decided in 1995 it is an unpublished opinion and the quote that opposing counsel used that is that the crime lacked the element of use attempted use and the court goes on thus according to long their conviction does not satisfy the categorical analysis approach for the purpose of night section 924 e the court then writes we disagree and then they get into a residual clause analysis and quite clearly they decided long under but but but state law analysis particularly after Mathis has become much more significant and difficult so you cite wearing I did and I read I found would help to cite the p-second but it quotes this as it quotes the and I don't know whether it was just quoting the relevant part of the part of the statute relevant to wearing or whether the statutes change so I assume you've run that down so and it goes into judge Runder's question how long has there been this any distinction between the statutes I don't think there even when was that when was the Arizona statute last amended that I can't say I know that it no longer exists and conducting my final review before appearing for the court I've it's that statute is no longer where it is now and I don't know when you track down its history it's legislative Oh amendment history I did not your honor but I can't tell you that even with the quarrel clause again I don't think there's any meaningful difference between Missouri's unlawful use of a weapon statute and Arizona's even if you include that well certainly allows the creative lawyers to come up with a far broader range of hypotheticals that might conceivably be prosecuted and then we have to search the Arizona case law and whether that's ever happened and I have I've looked at Arizona case law as best I could and I couldn't find a case in candor to the court that would suggest that this crime is not committed in a manner identical to the way that is committed in the state of Missouri under the polio analysis so I don't think it's possible to find that this is anything other than a violent felony under the force clause and consequently at least in terms of mr. bow as its case I don't believe we even get into the old and Sun Bear issue that said I'll delve into that now section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus well in Harlow yes you're flipping to Harlow then since since you say it doesn't apply to boys in Harlow I didn't see the in the government's brief any response to the Sun Bear old and arguments that were raised the government waived that no I on page 15 we address Sun Bear and on page 17 we address Olton and it's the government's position that given the nature and circumstances of the sentence that is that there were the sentencing judge sentenced mr. Harlow to 180 months for being a felon in possession of a firearm under the provisions of the Armed Career Criminal Act an additional district court didn't if the particular hundred and eighty-eight months exceeds the statutory maximum on every count that's there right it the mandatory minimum for the felon in possession the armed career criminal would be a hundred and eighty months so that technically is the mandatory minimum sentence if mr. Harlow was deemed to be an armed career offender he's not we have conceded that your honor okay so so now so now the statutory maximum is ten years and so he that's a hundred and twenty months that is correct however under isn't that a problem it is not under essentially what we have with the district court not essentially did the district court actually stack it the way you're talking 120 months on this 60 months on that eight months on this no in the initial sentence it was a hundred and eighty months followed by four years for failing to appear followed by an additional four years for essentially an to appear for a total sentence of a hundred and eighty-eight months which was a guideline sentence and it was that actually at the high end of the guidelines contrary to the assertion of opposing counsel this was not the statutory minimum sentence the court could have imposed a lesser sentence even at that time but chose not to during the argument I asked for a sentence at the high end of the guidelines the court concluded that was the appropriate sentence and fashion to sentence as such it's a position of the government that once you eliminate the armed career criminal designation what your fate what you're posed with essentially is a guideline determination the defendant quite clearly could still be sentenced to 188 months and judge Whipple made it very clear that he intended he would have imposed the same sentence regardless of that designation have you ever seen a case like that where let's say the guidelines was according to opposing counsel was somewhere in the 30 to 40 months failure to appear and that it was as high as a hundred eighty-eight where they the court actually stacked I think we have to look at kind of as a practical matter you've got an unconstitutional sentence on the one count is it sure the court could have have you ever seen a district court impose a sentence like that I don't think I've ever been faced with anything even remotely approaching the facts and circumstances of this particular case mr. Harlow well well I mean not procedurally I mean just sort of out the get-go I've got a felon in possession that's a max of ten years and I've got a failure to appear and I've got the enhancement for the failure to appear so the gun case is about a three-year but I can go as high as ten plus five plus five and I'm thinking maybe 188 again I've certainly never seen a case like that but I don't think I've ever been posed with that particular scenario and in fact in thinking about that question your honor I believe that the only two individuals who have ever failed to appear are mr. Harlow and mr. Boaz and I've done I've got one in the back of my mind where remember I disagreed with judge Richard on him it wasn't it wasn't like this but I think it was a Pierce vindictive sentencing problem where on on remand that the district court had done some elaborate stacking to get where it started and that was argued it was vindictive and well no it wasn't and we argued about whether that was vindictive because it required stacking in order to vindictive sentence is higher than the original and and this would have this would have been lower without some creative stacking so that strikes me as somewhat somewhat comparable of course here we're talking about the judge saying what the court would do right if and your honor I think that sentence for mr. Harlow 188 months is not unreasonable I went back and I looked at his pre-sentence report and I looked at the sentencing transcript mr. Harlow's got an awfully extensive criminal history I noted at some point that he had like 77 violations when he was in the confines of the Department of Corrections well what about the fact that this is now an unconstitutional sentence it's it's not a statutory change in what's a crime of violence or a violent felony this is really this is a constitutionally infirm sentence does that change how we have to look at what the district court can now do or what we can affirm and what they did when it was unconstitutional in looking at Sun Bear which is a guideline which is a guideline sentence but interestingly Sun Bear was decided when the guidelines were mandatory so the sentence imposed in by the district court was essentially the mandatory minimum under the but we still but here we do have a constitutional problem right isn't that the distinction or a distinction and and that's I it's failed to articulate it well but that's what you didn't address in your brief that Sun Bear and old and are distinguishable because here the underlying error is a constitutional error that wasn't addressed in your briefs okay and I guess the point we try to make in our brief is that the government the government's argument is essentially the sentence imposed on Mr. Harlow is part of the package and yes part of the that package has now been changed to a certain extent but the overall sentence itself 188 months is still a constitutionally sound statutorily authorized sentence there's nothing unconstitutional about the imposition of 188 months on Mr. Harlow the fact that one of the underlying crimes within that package the statutory minimum has been reduced is of no consequence ultimately when you look at the overall sentence the sentence itself is constitutionally sound 188 months for the two crimes falls within falls far the statutory maximum sentence judge Whipple could have imposed I suspect you could find some we all could find some double jeopardy jurisprudence where the fact that double jeopardy is a constitutional infirmity did not limit or restrict or the resentencing options so long as the double jeopardy problem was was properly eliminated that I can't speak to I mean first double jeopardy jurisprudence is about as complicated as you get but but there's a lot of resentencing that the double jeopardy clause is required it does justice justice it is a constitutional infirmity I don't think affects it is that what can be done to fix it and again I think in this case ultimately judge Whipple has made his intent very clear that mr. Harlow will receive the same sentence regardless of how the guidelines are ultimately calculated this case has been litigated extensively over the years judge Whipple is clearly familiar with the case he's clearly familiar with the arguments made by both these other issues are resolved resolved adversely to the government's position at the end of the day even if this panel were to remanded mr. Harlow will still be sentenced to 188 months and it remains position of the government that that is a reasonable sentence predicated upon the facts and circumstances of this case and his nature and characteristics I see my first turning to mr. Boas briefly I think it's important to note that I don't think that the Boas panel on direct appeal was clear that they're relying on the force clause or the residual cause they cited to the Jackson case which then in turn relied on the residual clause there are two other issues on the Boas case that a certificate of appeal that billed it was not granted and we're deferring to that but I would point out that one of those crimes was an Arizona third-degree burglary so with that I'm going to turn to Harlow and quickly note that some bear actually was decided in 2011 so I don't think the guidelines were mandatory but more importantly no I think when the initial sentence was I get what you're saying okay fair enough um that's my recall of it fair enough your honor but the same sentence let's say that this court just does want to sentence him to the same sentence fair enough then and only then I think this is fairly teed up in this court for review and it's not ripe yet thank you thank you counsel appreciate your efficient efforts to do a two-for-one and but cover both properly and adequately and we'll take them under advisement